Dear Mr. Burgess:
Your request for an opinion regarding the application of Title 33, Section 4713 of the Louisiana Revised Statutes (La.R.S. 33:4713) to the Tangipahoa Parish Council (referred to hereinafter as TPC) has been received and forwarded to me for response. Within your request, you provided a list of inquiries that shall serve as the organizational scheme for this response.
Your first inquiry is whether the TPC is statutorily required to furnish a branch office building for the Sheriff, Tax Collector, Assessor, and Registrar of Voters.
La.R.S. 33:4713 provides as follows:
 § 4713 Providing quarters for court and parish officers
 Each parish shall provide and the bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit court and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices, and shall provide such other offices as may be needed by the sheriffs of these courts and by the tax collectors and assessors of the parish and shall provide the necessary heat and illumination therefore.
 The cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
 The police jury or other governing authority shall make these purchases and then bill the other tax recipients for their proportionate share.
La.R.S. 1:3 provides, in pertinent part, that "words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. The word `shall' is mandatory and the word `may' is permissive." It appears that the language in La.R.S.33:4713 does require the parish council to make provisions for court and parish officers. However, the punctuation used within the statute tends to designate those items that the parish council is required to provide for each particular entity. Punctuation cannot control a statute's construction against the manifest intent of the legislature and the court will punctuate or disregard punctuation to ascertain and give effect to the real intent. Buras v. Fidelity Deposit Co. of Maryland, 197 La. 378,1 So.2d 552. Notwithstanding, it appears that the legislature's insertion of a comma is a representation of its manifest intent to separate ideas and/or to particularize the parish council's obligation to each entity. Additionally, the court uses the doctrine of the "last antecedent", that relative and qualifying words, phrases, and clauses are to be applied to words or phrases immediately preceding and not construed as extending to others more remote, as an aid to construction. Id. Hence, it necessarily follows that the phrase, "each parish shall provide and bear the expense of a suitable building and requisite furniture", applies only to district and circuit courts and such offices. Therefore, this office is of the opinion that the TPC is only obligated to furnish a building and furniture for district and circuit courts and such offices.
Number three on your list of inquiries, whether the TPC is statutorily required to provide furniture, equipment, and supplies for the Sheriff, Tax Collector, Assessor, and Registrar of Voters, follows logically from the foregoing discussion of the statute. La.R.S. 33:4713 states in its second and third paragraphs that "the cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish. The police jury or other governing authority shall make these purchases and then bill the other tax recipients for their proportionate share." Hence, it is the opinion of this office that the TPC is mandated to purchase necessary furniture, equipment and supplies for the sheriff, in his capacity as tax collector and the assessor of the parish. Therefore, the TPC must then bill all tax recipient bodies so as to collect from them their proportionate share of these particular costs.
The parish governing authority has the statutory duty to provide office space, equipment, supplies, furniture, etc. for the operation of each Registrar of Voters Office necessary to enable the registrar to fully discharge his duties. La. Atty. Gen. Op. No. 88-187. As it relates to the sheriff, the parish governing authority is only required to provide "such other offices" as may be needed. The sheriff, as a result of Act 689 (La.R.S. 33:9001-33:9009), which created law enforcement districts for the purpose of providing financing to the office of the sheriff of each parish, has his own general fund (also called the "salary fund") via a tax levied to replace the sheriff's commission, which was the source of revenue prior to adoption of the act. This fund is governed by La.R.S.33:1422, which states in paragraph A that "a sheriff and ex-officio tax collector shall pay from the sheriff's salary fund, upon warrant drawn by him, all expenses authorized by law which are incurred in the performance of his duties, including, but not restricted to clerical expenses, salary of the sheriff, ". La. Atty. Gen. Op. No. 84-404 Clerical expenses are necessary concomitants of furniture, equipment and supplies. Hence, it is the opinion of this office that the sheriff is required to bear the expenses of furniture, equipment and supplies whereas the parish governing authority is required to provide the necessary office itself.
The second question on your list of inquiries asks whether all tax recipient bodies in the parish should share the cost of land and construction proportionately. La.R.S. 33:4713 stipulates that only the "cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of the parish shall be borne proportionately by all tax recipient bodies in the parish " The statute makes no provision for the proportionate division of the costs of land and construction among tax recipient bodies, so it is our opinion that such is not required under the law.
Your letter also questions whether "all tax recipient bodies" includes municipalities. La.R.S. 33:4713 states that "the police jury or other governing authority shall make these purchases (i.e., cost of furniture and equipment, supplies and maps) and then bill the other tax recipients for their proportionate shares." Based on this particular part of the statute, it is clear that municipalities are so designated as tax recipient bodies. In addition, municipalities are responsible for their proportionate share of the expense of equipping the assessor's and tax collector's offices if the services provided by these offices are valuable to the city. La. Atty. Gen. Op. No. 95-45.
Your final inquiry deals with whether "all tax recipient bodies" includes tax districts that have voter-dedicated taxes such as school districts, drainage districts, law enforcement districts, and debt service districts. If an assessment district and law enforcement district are exercising their taxing powers under 47:1925.1 et seq. and R.S. 33:9001 et seq. respectively, and receive tax receipts, then they are "tax recipient bodies" within the meaning of R.S. 33:4713. Likewise, if a school district were exercising its taxing powers pursuant to La.R.S. 17:1372, or a drainage district pursuant to La.R.S. 38:1768, then all would be considered tax recipient bodies under La.R.S. 33:4713. This office does not find any specific exclusion of any particular type of tax districts from the meaning of "all tax recipient bodies" under La.R.S. 33:4713. It is instead our opinion that any district that levies taxes under the color of the law is to be considered a tax recipient body and must pay its proportionate share of expenses in accordance with La.R.S. 33:4713.
It is my sincere hope that this adequately responds to your inquiry. If you have any additional questions, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB, ATTORNEY GENERAL
 _______________________ By: CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB:mjb
Date Released: August 21, 2002